# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00666-GCM

| | |
|---|---|
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DAVID LINDSEY, DAPHNE LINDSEY, KRISTI LINDSEY, HEATHER SUTTON,**<br><br>**Defendants.** | **ORDER** |

THIS MATTER comes before the Court upon two Motions to Dismiss. The first Motion to Dismiss [ECF Doc. 10] was filed by Defendant Heather Sutton on January 16, 2020. Plaintiff Liberty Mutual Fire Insurance Company ("LMFIC") filed a Response [ECF Doc. 14] on January 30, 2020, and Defendant Sutton filed a Reply [ECF Doc. 15] on February 6, 2020. The second Motion to Dismiss [ECF Doc. 12] was filed by Defendants David Lindsey, Daphne Lindsey, and Kristi Lindsey ("Lindsey Defendants") on January 24, 2020. Plaintiff LMFIC filed its Response [ECF Doc. 16] on February 7, 2020, which essentially incorporated and realleged the arguments in its Response to Defendant Sutton's Motion to Dismiss. The Lindsey Defendants did not file a Reply. Because Defendant Sutton and the Lindsey Defendants (collectively, "Defendants") present nearly identical arguments in both Motions to Dismiss, the Court will address both Motions in this Order. Having considered the facts and circumstances of these Motions, the Court finds the following.

## I. BACKGROUND

Defendant Sutton filed a personal injury action ("Underlying Action") in the Superior Court for Union County, North Carolina, against Defendant Kristi Lindsey, a minor, and her parents, David and Daphne Lindsey, in their individual capacity and as general guardians of Kristi Lindsey,[1] after Defendant Sutton was injured while riding as a passenger in a golf cart operated by Defendant Kristi Lindsay. Defendant Sutton claimed the accident was covered under an LMFIC homeowner's insurance policy ("Policy") issued to Defendants David and Daphne Lindsey. LMFIC denied coverage because, according to LMFIC, the accident fell within a Policy exclusion barring coverage for unregistered motor vehicles when registration is required by law and also because the golf cart did not fall within the exception to the motor vehicle exclusion for golf carts owned by an insured and operated at the time of the "occurrence" within the legal boundaries of a golf course or private residential community. Although LMFIC denied that coverage existed in connection with the Underlying Action, it agreed to defend the Lindsey Defendants subject to a full and complete reservation of rights. The present action was filed by LMFIC pursuant to 28 U.S.C. § 2201 on December 6, 2019, to determine the rights and obligations of the parties in connection with the Policy. Defendants now seek for the Court to dismiss the federal lawsuit claiming the declaratory judgment action is more appropriately left in the hands of the state court.

## II. DISCUSSION

The Declaratory Judgment Act allows courts with proper jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (2018). District courts have long held broad

---

[1] Defendant Sutton also named Defendant Kristi Lindsey's grandparents, Frank Lindsey and Loretta Lindsey, in the Underlying Action because they were the owners of the golf cart at issue, but they are not named defendants in the present federal court dispute.

discretion regarding whether to exercise jurisdiction in a declaratory judgment action. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). Nevertheless, a federal court should carefully consider whether it is interfering with a state court action where "another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) (quoting *Brillhart*, 316 U.S. at 495)). Thus, there are certain factors courts contemplate when deciding whether to exercise jurisdiction over a declaratory judgment action where a state court action is also pending.

The Fourth Circuit has provided factors to consider when determining whether it is appropriate to exercise jurisdiction in a declaratory judgment action. Two principle criteria are (1) whether "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue" and (2) whether the judgment "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937). There are also four other factors, the "*Nautilus* factors,"[2] used regularly when a state court proceeding is already underway. *Minnesota Lawyers Mut. Ins. Co. v. Antonelli, Terry, Stout & Kraus, LLP*, 355 F. App'x 698, 700–01 (4th Cir. 2009). These factors include:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

---

[2] Defendant Sutton argues "[t]here are no '*Nautilus* factors,'" ECF Doc. 15 at 3, but various courts refer to these factors as such. *See, e.g.*, *Minn. Lawyers Mut. Ins. Co.*, 355 F. App'x at 700, 704. The *Nautilus* factors are a compilation of the *Mitcheson v. Harris* factors and an additional factor created by the *Nautilus* court. *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994).

*Id.* at 701 (quoting *United Cap. Ins. Co. v. Kapiloff*, 155 F.3d 488, 493–94 (4th Cir. 1998)). Ultimately, there is no comprehensive list of factors to consider when deciding whether to exercise jurisdiction in a declaratory judgment action, and courts should use their discretion to analyze the facts of each case. *See Brillhart*, 316 U.S. at 495.

The Court now turns to the factors set forth under Fourth Circuit precedent. First, a declaratory judgment in this case would serve a useful purpose in clarifying and settling the question of whether Plaintiff is obligated to defend the Lindsey Defendants in the Underlying Action. Further, it will promptly provide all parties with relief from the uncertainty, insecurity, and controversy of not knowing whether Plaintiff has such an obligation. Therefore, the factors set forth in *Quarles* clearly favor rendering a declaratory judgment.

Second, the *Nautilus* factors also favor rendering a declaratory judgment in this case. Defendants have not identified any genuine state court interest in deciding these issues beyond having merely stated that the case will be governed by state law, nor have Defendants argued there are any complicated or unsettled issues of state law in the contractual interpretations Plaintiff requests this Court to make. Neither does the Court perceive any strong state court interest in deciding these issues. Additionally, where Plaintiff must have the question of their duty to defend resolved either in federal or state court, it is more efficient to leave the issue in this Court. This is true in that Plaintiff has already filed its declaratory judgment action in this Court and dismissing the case would be inefficient where Plaintiff is not a party to the Underlying Matter, the Underlying Matter pertains to negligence without raising the contractual issues present here, and Plaintiff would file a separate state court lawsuit to resolve the present dispute. Similarly, there is no concern about overlapping issues of fact or law causing unnecessary entanglement since the Underlying Matter relates to negligence while this federal case pertains to insurance coverage.

Lastly, there is no suggestion of "procedural fencing" here. There is no race to issue preclusion or indication that Plaintiff is forum shopping. Rather, Plaintiff has simply chosen to file this case in federal court, as it is authorized to do pursuant to 28 U.S.C. §§ 1332 and 2201. Given the facts and circumstances of this case, under the law of this Circuit and in this Court's own discretion, the Court perceives no reason to dismiss this declaratory judgment action.

### III. CONCLUSION

For the reasons indicated herein, the Court finds that Defendants' Motions to Dismiss should be **DENIED**.

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss [ECF. Docs. 10 and 12] are **DENIED**.

**SO ORDERED**.

Signed: September 30, 2020

Graham C. Mullen
United States District Judge